**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JOSE ALFREDO ROBLES,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:08-CV-417-D** |
| | ) | **No. 3:06-CR-220-R** |
| **UNITED STATES OF AMERICA,** | ) | **ECF** |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the

provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the

United States District Court for the Northern District of Texas.  The Findings, Conclusions and

Recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I.  Procedural background**

Petitioner filed this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C.

§ 2255.

Petitioner was charged in all counts of a three-count indictment.  Count one charged him

with possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§

841(a)(1) and (b)(1)(C).  Count two charged Petitioner with possession of a firearm in

furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).  Count three

charged him with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1)

and 924(a)(2).

On November 21, 2006, Petitioner pled guilty to counts one and two.  The government moved to dismiss count three.  On March 2, 2007, the court sentenced Petitioner to 37 months imprisonment on count one, and 60 months imprisonment on count two, to run consecutively. The court also sentenced Petitioner to three years supervised release.  Petitioner did not file an appeal.

On March 5, 2008, Petitioner filed this § 2255 petition.  He argues he received ineffective assistance of counsel because counsel: (1) failed to object when the court did not advise him of the statutory minimum sentence on count one, rendering his guilty plea involuntary; (2) failed to object under *United States v. Booker*, 543 U.S. 220 (2005), to an enhanced sentence; and (3) failed to object that the government did not prove the type of methamphetamine at issue.  On March 20, 2008, Petitioner amended his petition to include the claim that his counsel was ineffective for failing to challenge the sufficiency of the evidence.  On June 13, 2008, Petitioner filed a traverse which added the claim that his guilty plea was not knowing and voluntary because the court failed to inform him of the maximum sentence for count one.  On September 4, 2008, Petitioner filed a second amended petition which included the new claim that his counsel was ineffective for failing to file a direct appeal.

## II.  Discussion

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of

hindsight." *Strickland*, 466 U.S. at 689.  Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice.  To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors."  *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694).  "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong."  *Id*.  "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

A.     **Mandatory Minimum**

Petitioner argues his counsel was ineffective because counsel failed to object when the court did not inform Petitioner of the mandatory minimum sentence for count one of the indictment.  Petitioner argues this failure rendered his guilty plea involuntary.

Count one, however, did not contain a mandatory minimum prison sentence.  *See* 21 U.S.C. § 841(b)(1)(C).  Further, the court is only required to inform a defendant of the applicable maximum sentence.  *See Ables v. Scott*, 73 F.3d 591, 592 (5th Cir. 1996).

Additionally, Petitioner has failed to show that his guilty plea was not knowing and voluntary.  The record shows that Petitioner received a copy of the indictment, and he stated he understood the charges.  (Rearraignment Tr. at 2).  The court read the essential elements of the charges to Petitioner and he admitted committing each of the essential elements.  (*Id* at 4). Petitioner also stated he was not forced to plead guilty and that he voluntarily entered into the plea agreement.  (*Id*. at 6).  Petitioner has failed to show that his guilty plea was not knowing or

voluntary.  He has also failed to establish that he received ineffective assistance of counsel.  His claim should be denied.

**B.     *United States v. Booker***

Petitioner argues his counsel was ineffective for failing to object to his sentence based on the Supreme Court's opinion in *United States v. Booker*, 543 U.S. 220 (2005).  It also appears Petitioner is arguing that the trial court committed error under *Booker*.

In *Booker*, the Supreme Court extended to the Federal Sentencing Guidelines the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and reaffirmed in *Blakely v. Washington*, 542 U.S. 296 (2004), that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."  *Booker*, 543 U.S. at 244; *see also, Padilla v. United States*, 416 F.3d 424, 426 n.1 (5th Cir. 200).  The *Booker* Court also excised certain statutory provisions that made the Guidelines mandatory, thereby rendering them advisory only.  *Booker*, 543 U.S. at 245.

In this case, Petitioner pled guilty to possession with intent to distribute 25.09 grams of cocaine and 3.26 grams of methamphetamine (actual).  Additionally, $936 that Petitioner had in his possession at the time of arrest was converted to its marijuana equivalent for sentencing purposes.  Petitioner states he did not admit, and a jury did not find, that the $936 was derived from drug proceeds.  He states his sentence was unlawfully enhanced under *Booker* by converting the $936 to its marijuana equivalent.

The record shows Petitioner pled guilty to possession with intent to distribute 25.09 grams of cocaine and 3.26 grams of methamphetamine (actual).  These drugs were converted to

their marijuana equivalent, which was 70.21 kilograms of marijuana.  *See* USSG §2D1.1.

Petitioner's base offense level for 70.21 kilograms of marijuana was 22.  *Id*.  When the $936 was

converted to its marijuana equivalent, Petitioner became responsible for an additional 1.872

kilograms of marijuana, for a total of 72.08 kilograms of marijuana.  This did not change his

base offense level, which remained at 22.  *See Id*. (Level 22 applies to at least 60 kilograms of

marijuana, but not more than 80 kilograms).  Petitioner was granted a three level offense

adjustment for acceptance of responsibility.  This lowered his offense level to 19.  His criminal

history was Category I.  Under the guidelines, his range of imprisonment was 30-37 months.

The Court sentenced Petitioner to 37 months.  He therefore did not receive a sentence that

exceeded the maximum authorized by the facts admitted by Petitioner in his guilty plea.  His

claims should be denied.

## C.      Type of Methamphetamine

Petitioner argues his counsel was ineffective because he failed to question the type of

methamphetamine attributed to Petitioner.  He argues the PSR wrongly concluded he possessed

the more severely punishable d-methamphetamine instead of the less severely punishable l-

methamphetamine.  On November 1, 1995, however, Amendment 518 to the sentencing

guidelines deleted the distinction between d-methamphetamine and l-methamphetamine.  USSG

App. C.  Petitioner's claim should therefore be denied.

## D.      Sufficiency of the Evidence

On March 5, 2008, Petitioner amended his complaint to allege that his counsel was

ineffective for failing to challenge the sufficiency of the evidence.  The record shows that

Petitioner admitted each of the essential elements of the charged offenses.  (Rearraignment Tr. at

4)).  He has stated no basis for challenging the sufficiency of the evidence.  *See United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995) (stating counsel is not required to file frivolous motions). Petitioner's claim should be denied.

**E.       Traverse**

On June 13, 2008, Petitioner filed a traverse to Respondent's answer.  In his traverse, he added the new claim that his counsel was ineffective for failing to object when the trial court failed to inform him of the maximum sentence for count one.  Although the Court's order to show cause allows Petitioner to file a traverse, the order states the traverse "shall not include any new allegations of fact or new grounds for relief."  Petitioner's new claim should therefore be denied.

Moreover, even if the Court considers this claim on the merits, the claim does not entitle Petitioner to relief.  The record shows that Petitioner was informed of the maximum sentence available on count one.  (Rearraignment Tr. at 7).  Petitioner's claim should be denied.

**F.       Statute of Limitations**

On September 4, 2008, Petitioner filed a second amended petition arguing that he received ineffective assistance of counsel because counsel refused his request to file an appeal.

The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996) ( "AEDPA").  The statute provides that the limitations period shall run from the latest of:

    (1) the date on which the judgment of conviction becomes final;

    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the Petitioner was prevented from filing by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2255.

In this case, Petitioner's conviction became final on March 16, 2007. *See* Fed. R. App. P. 4(b) (stating, in general, a notice of appeal in a criminal case must be filed within ten days of final judgment). Additionally, on March 16, 2007, Petitioner knew, or should have know with the exercise of due diligence, that his counsel did not file a notice of appeal. Petitioner then had one year, or until March 17, 2008, to file his § 2255 claims. Petitioner did not file his amended claim until September 4, 2008.

The Court must determine whether Petitioner's amended claim relates back to the filing of his original petition. "An amended habeas petition . . . does not relate back (and thereby escape AEDPA's one year time limit) when it asserts a new ground for relief supported by facts that differ both in time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005). Petitioner's amended claim that his counsel refused to file a notice of appeal differs in both time and type from his original claims. The claim is not related to any of Petitioner's other ineffective assistance of counsel claims. The claim therefore does not relate back to the filing of the complaint and is untimely.

## G.     Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174

F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)).  The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir.1996)).  Movant bears the burden of proof to show he is entitled to equitable tolling.  *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner may argue he is entitled to equitable tolling because his attorney erred in not filing an appeal.  The Fifth Circuit has stated, however, that: "A criminal defendant has a right to effective assistance of counsel on a first appeal as of right.  An alleged violation of that right does not toll the AEDPA's statute of limitations." *Molo v. Johnson*, 207 F.3d 773,775 (5th Cir. 2000); *see also, Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002) ("[M]ere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified.")

Petitioner has failed to established he is entitled to equitable tolling.  His amended claim should be dismissed as barred by limitations.

**RECOMMENDATION**

The Court recommends that: (1) Petitioner's claim that he received ineffective assistance of counsel because his counsel refused to file an appeal be dismissed as barred by limitations; and (2) Petitioner's remaining claims be denied.

Signed this 1ˢᵗ day of May, 2009.


PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
<u>**NOTICE OF RIGHT TO APPEAL/OBJECT**</u>

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on Plaintiff.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).